**UNITED STATES of America,**
**Appellee,**

v.

**Rosalba Carmen VASQUEZ,**
**Defendant–Appellant.**

**No. 06–4599–cr.**

United States Court of Appeals,
Second Circuit.

June 20, 2008.

48

James A. Cohen, Esq., Michael W. Martin, Esq., Ashley Collins, Lincoln Square Legal Services, Inc., New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Michael Q. English, Celeste L. Koeleveld, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

The defendant, Rosalba Carmen Vasquez, appeals from her sentence principally of 70 months' imprisonment pursuant to a judgment of conviction entered October 3, 2006. Vasquez pled guilty to one count of illegally reentering the United States after having been lawfully deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2).

We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Vasquez challenges her sentence on three grounds: (1) she contends that the district court erred in considering the policy statements in U.S.S.G. §§ 5H1.2–5H1.4 (the "Section 5H policy statements") because they conflict with the district court's duty to consider the factors in 18 U.S.C. § 3553(a) ("Section 3553(a)"); (2) she contends that the district court imposed a heightened standard in its application of the Section 3553(a) factors; and (3) she contends that the district court gave improper weight to the Guidelines over the other Section 3553(a) factors.

We review a district court's sentencing decision for both substantive and procedural reasonableness. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors. In both respects, our standard of review is abuse of discretion.

*United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008) (internal quotation marks, citations, and brackets omitted). Vasquez challenges only the procedural reasonableness of her sentence.

▪ Regarding Vasquez's first challenge, we find no conflict between the Section 5H policy statements and the Section 3553(a) factors. First, under Section 3553(a)(5)(A), a district court is required to consider "any pertinent policy statement" from the Sentencing Commission. Second, the Section 5H policy statements concern whether certain factors are relevant to

departures within the Guidelines—the Guidelines remain just one of the Section 3553(a) factors, and the district court is free to consider the factors discussed in the Section 5H policy statements in determining whether a non-Guidelines sentence is warranted. Finally, even in the Guidelines determination, the Section 5H policy statements state only that certain factors are "ordinarily" not relevant; in some cases, a district court may consider them in determining that a downward departure is warranted.

■ Regarding Vasquez's second challenge, we conclude that the district court did not commit procedural error by commenting at sentencing that a district court must offer a "more compelling accounting the farther a sentence deviates from the advisory guideline range." The Supreme Court in *Gall* stated that "[i]f [a district court] decides that an outside-Guidelines sentence is warranted, [the court] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S.Ct. at 597. We also conclude that the district court did not adopt a but-for or proximate causation requirement for the Section 3553(a) factors, but rather simply considered whether any of the personal characteristics that Vasquez argued warranted a non-Guidelines sentence had caused her to commit the offense—a valid consideration under Section 3553(a)(1).

■ Finally, we find no merit to Vasquez's contention that the district court applied a presumption of reasonableness to the Guidelines. The sentencing record shows that the district court, as mandated by the Supreme Court, began by calculat-

ing the Guidelines range, then considered the Section 3553(a) factors, and then carefully considered—but rejected—Vasquez's arguments for a below-Guidelines sentence.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.